UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  09-22811-CIV-MORENO

SEAY TOWING, INCORPORATED, a Florida
Corporation,

      Plaintiff,

vs.

CITY OF NORTH MIAMI BEACH, a Florida
Municipality,

      Defendant.

_____/

## <u>ORDER GRANTING MOTION TO DISMISS</u>

THIS CAUSE came before the Court upon Defendant City of North Miami Beach's Motion to Dismiss **(D.E. No. 11)**.

THE COURT has considered the motion, the response, and the reply, and the pertinent portions of the record, and is otherwise fully advised in the premises.

### *Background*

Seay Towing brought this action under 42 U.S.C. § 1983, claiming that the City of North Miami Beach violated its Due Process and Equal Protection rights by revoking its Business Tax Receipt at a July 21, 2009 City Council meeting without notice or a hearing. Seay Towing alleges that the City Attorney misrepresented to the City Council that there were several code violations at the property where Seay Towing operates its business. Moreover, Seay Towing alleges that the City failed to issue a written code violation notice as required by the code and that the City Attorney cited code violations with respect to roof work that the City previously inspected and approved. Seay Towing claims that the City did all this without providing it an opportunity to be heard at a code enforcement hearing and with the malicious intent of running Seay Towing and its landlord out of

business so that the City can use the land to erect a water facility.

### *Motion to Dismiss Standard*

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

### *Analysis*

The City's motion to dismiss argues that Seay failed to state a claim for liability under § 1983 because it fails to allege facts supporting that the City had a custom or policy that caused Seay's alleged injuries.

A municipality cannot incur § 1983 liability for injuries caused solely by its employees. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694 (1978). Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997). Instead, to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See Canton,* 489 U.S. at 388, 109 S.Ct. 1197. "It is only when the 'execution of the government's policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

All of Seay Towing's allegations concern allegedly unconstitutional acts committed by the City's employees. The case law make clear, however, that a municipality cannot be liable under 42 U.S.C. § 1983 for mere acts by its employees alone. Rather, the acts complained about must have occurred as a result of some policy or custom. Seay Towing fails to allege that these allegedly unconstitutional acts stemmed from a custom or policy adopted by the City. It has thus failed to state a claim for a 42 U.S.C. § 1983 violation (Count I). Since Count II is a claim for injunctive relief predicated on the allegations in Count I, Count II also fails to state a claim. Accordingly, it is

**ADJUDGED** as follows:

1.      The motion to dismiss is GRANTED. Counts I and II are DISMISSED with leave to amend no later than **March 15, 2010**.

2.      If Plaintiff fails to amend on or before March 15, 2010, this action will be dismissed with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of February, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record