UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-22811-CIV-MORENO

SEAY TOWING, INCORPORATED, a Florida
Corporation,

    Plaintiff,

vs.

CITY OF NORTH MIAMI BEACH, a Florida
Municipality,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS AMENDED COMPLAINT

THIS CAUSE came before the Court upon the Defendant's motion to dismiss the Plaintiff's amended complaint (D.E. No. 25).

Seay Towing sues the City of North Miami Beach under 42 U.S.C. § 1983 and alleges that North Miami Beach violated its rights to substantive due process (Count I), equal protection under the law (Count II), and procedural due process (Count III) by revoking its Business Tax Receipt at a July 21, 2009 hearing. Specifically, Seay Towing alleges that City Attorney Darcey Siegel misrepresented to the North Miami Beach City Council that there were several code violations at the property where Seay Towing operates its business. According to Seay Towing, the violations cited by the City Attorney apply to new development and not to existing structures or non-conforming structures that pre-date North Miami Beach's code. Moreover, Seay Towing alleges that North Miami Beach failed to issue a written code violation notice as required by the code. Furthermore, Seay Towing alleges that the City Attorney cited code violations with respect to roof work that North Miami Beach previously inspected and approved. Seay Towing claims that North Miami Beach did all this without providing Seay Towing an opportunity to be heard at a code enforcement hearing and with the malicious intent of running Seay Towing and its landlord out of business so that North

Miami Beach can use the land to erect a water facility.

Seay Towing alleges that the City has violated its procedural and substantive due process rights and its equal protection rights by not providing it with a hearing or issuing a code violation and by arbitrarily and capriciously enforcing rules against it while not enforcing rules against neighboring businesses. Seay Towing seeks damages and injunctive relief.

In its motion to dismiss, North Miami Beach argues that all Counts of the amended complaint fail to state a claim for liability under § 1983 because they fails to allege facts supporting that the City had a custom or policy that caused Seay Towing's alleged injuries. Seay Towing also alleges that all of the Counts fail because they fail to allege sufficient facts sufficient to satisfy the pleading standard enunciated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

Relevant to the motion to dismiss is Magistrate Judge Edwin Torres's Report and Recommendation concerning Seay Towing's motion for preliminary injunction (D.E. No. 17). In the Report and Recommendation, Magistrate Judge Torres found that Seay Towing's procedural due process rights were not violated. Seay Towing did not object to these findings, and the Court adopted the Report and Recommendation (D.E. No. 24). North Miami Beach argues that, based on these findings, Seay Towing's procedural due process claim (Count III) fails as a matter of law. The Court agrees and finds that Count III of the amended complaint is dismissed with prejudice.

North Miami Beach next argues that, pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), Seay Towing has failed to state claims under 42 U.S.C. § 1983 because it cannot demonstrate that North Miami Beach acted pursuant to any policy or custom in revoking Seay Towing's Business Tax Receipt. In response, Seay Towing vaguely argues that it has alleged sufficient facts to demonstrate that North Miami Beach violated its rights pursuant to a policy or custom. The Court finds that Seay Towing has not alleged or identified any custom or policy. However, this alone is not fatal to Seay Towing's claim. After *Monell* was decided, the Supreme

Court held that a single official decision by a municipality can trigger § 1983 liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) (citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) (permitting § 1983 claim where an official act by the city council revoked a license)). Moreover, the Court finds that Seay Towing has alleged sufficient facts to support its claim for a substantive due process violation. Accordingly, Count I states a valid claim for relief.

Finally, again citing *Twombly*, North Miami Beach argues that Seay Towing has failed to allege sufficient facts to support its equal protection claim in Count II. To plead an equal protection claim, Seay Towing must allege that similarly situated businesses are treated disparately. *Austin v. City of Montgomery*, 353 Fed. Appx. 188, 191 (11th Cir. 2009). Seay Towing did so in its amended complaint, and the Court finds that it has alleged sufficient facts to support its claim. Accordingly, it is ADJUDGED that:

1. The motion to dismiss is GRANTED with respect to Count III and DENIED with respect to Counts I and II.

2. Count III is DISMISSED with prejudice.

3. Seay Towing has stated claims for relief in Counts I and II.

4. North Miami Beach shall file an answer to Counts I and II no later than **July 29, 2010.**

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2010.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record